STATE of Minnesota, Respondent,

v.

Jeffrey B. FADDEN, Appellant.

No. CO–85–2138.

Court of Appeals of Minnesota.

Dec. 2, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael J. Dolan, Asst. Co. Atty., Alexandria, for respondent.

Jeffrey B. Fadden, pro se.

Considered and decided by LESLIE, P.J., and FOLEY and RANDALL, JJ., with oral argument waived.

## MEMORANDUM OPINION

LESLIE, Judge.

### FACTS

Jeffrey Fadden was stopped for speeding on Highway 29 in Douglas County on April 13, 1985. The state trooper cited Fadden for driving without a license when Fadden stated that he did not have a license and that his license had expired about one year earlier. Fadden told the officer he didn't need a driver's license because he wasn't hurting anyone and that the only time you needed a driver's license is if you would endanger other people. Fadden was convicted by a jury of driving without a Minnesota driver's license, Minn.Stat. § 171.02, subd. 1 (1984). At trial he admitted he drove without a license. The trial court denied Fadden's motion to vacate the judgment or for a new trial. The State did not file a brief and we proceeded under Minn. R.Civ.App.P. 142.03.

### DECISION

Fadden represented himself and raised numerous issues before trial, some of which are raised again in this appeal. We will address them briefly.

■ 1. Fadden wanted someone who was not a licensed attorney to act as his legal advisor. The trial court appointed standby counsel but Fadden continues to insist that he had a right to have "counsel" of his own choice, even someone who is not an attorney. We rejected a similar claim in *State v. Isenberg*, 393 N.W.2d 13 (Minn.Ct. App.1986) and stated, "Only an attorney licensed to practice may represent another in court. Minn.Stat. § 481.02, subd. 1 (1984); *Trovatten v. Minea*, 213 Minn. 544, 7 N.W.2d 390 (1942)." *Isenberg* at 15.

■ 2. Fadden claims he didn't have a substantive omnibus hearing to determine probable cause. There is no omnibus hearing for misdemeanors. Comment to Minn. R.Crim.P. 12. Instead, Minn.R.Crim.P. 12 authorizes a pre-trial conference to consider motions and such a hearing was held in which Fadden challenged probable cause.

The State relied on the record and Fadden did not call any witnesses. The court found probable cause and there was no error. *See State v. Florence,* 306 Minn. 442, 457, 239 N.W.2d 892, 902 (1976).

3. The Douglas County District Court had jurisdiction over Fadden since he allegedly committed a traffic offense within Douglas County. *See* Minn. Const. Art. VI, § 3.

4. Fadden was charged with a misdemeanor and was properly given a jury trial comprised of six persons. *Williams v. Florida,* 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970); *see* Minn.Stat. § 593.-01, subd. 1 (1984).

5. The trial court refused to allow Fadden to introduce two documents because they were irrelevant. One apparently was a statute from the first session of Congress, the other was an old court case from Virginia. Fadden claims these authorities demonstrated that he is exempt from a driver's license because he believes he has a right to unfettered access to public highways without a license. These were irrelevant documents which the trial court properly excluded.

6. Fadden was sentenced to a fine of $500 and 10 days in jail with $200 and the entire jail sentence suspended on conditions that he pay $300 plus $35 in surcharges and library fees and that he not be convicted of any similar violations within one year. Fadden has not sought discretionary review to review this misdemeanor sentence as required by Minn.R.Crim.P. 28.02, subd. 3 and hence we will not review his sentencing claims.

Affirmed.